**FILED**

MAR 0 2 2016

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                            DEPUTY

1  Richard Caruso
   1600 E. Vista Way #85
2  Vista, CA 92084
   Ph: 760-888-7418
3

4  <u>Plaintiff In Pro Se</u>

5

6

7

8              **IN THE UNITED STATED DISTRICT COURT**
                **SOUTHERN DISTRICT OF CALIFORNIA**
9

10 <u>RICHARD CARUSO,</u>                    Case No **16 CV 0 5 3 4 WQH JMA**

11                                          **COMPLAINT FOR**
                        Plaintiff,          **DAMAGES AND INJUNCTIVE**
12         <u>vs.</u>                        **RELIEF PURSUANT TO**

13                                          1) TELEPHONE COMMUNICATIONS
   <u>NATIONAL RECOVERY AGENCY</u>, a          CONSUMER PRACTICES ACT
14 business entity, form unknown,             (TCPA) 47 U.S.C.§227 *et.seq.*;
   <u>TRANS UNION LLC</u>, a business entity,
15 a National Credit Reporting Agency ("CRA")  2) VIOLATIONS OF FEDERAL FAIR
   <u>EXPERIAN INFORMATION SOLUTIONS INC.</u>     DEBT COLLECTION PRACTICES
16 a business entity, a National Credit         ACT(FDCPA) §1692 *et seq.*
   Reporting Agency   ("CRA")
17 DOES 1 THROUGH 10, inclusively,          3) VIOLATIONS OF FEDERAL FAIR
                                               CREDIT REPORTING ACT;
18
                        Defendants.            (FCRA) 15 U.S.C.§1681 *et seq.*
19
                                            4) VIOLATIONS OF CALIFORNIA'S
20                                             CONSUMER CREDIT
                                               REPORTING AGENCIES ACT;
21                                             CCRAA) CIV. CODE §1785 *et seq.*

22                                          5) VIOLATIONS OF CALIFORNIA'S
                                               ROSENTHAL FAIR DEBT
23                                             COLLECTIONS PRACTICES ACT
                                               CALIFORNIA CODE CIV.§1788 *et seq.*
24
                                            6) DECLARATORY RELIEF
25
                                            **DEMAND FOR JURY**
26                       **COMPLAINT**

27        COMES NOW, RICHARD CARUSO, Plaintiff, In Pro Se in the above-

28 entitled case as an individual *hereby sues* the *above-named Defendants* and makes

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                        PAGE 1

*Court Copy*

the following allegations and claims against all of these same said Defendants for strict statutory violations of the Telephone Communications Consumer Practices Act (TCPA) 47 U.S.C.§227 *et.seq*, Consumer Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq*., for violations of the Telephone Communications Practices Act (TCPA) 47 U.S.C. §227(a)(iii), and also for violations of the California Rosenthal Fair Debt Collection Practices Act Civil Code Section 1788 *et seq*.

# I.  **PRELIMINARY STATEMENT**

1. This is an action for damages and injunctive relief brought to this Ninth Circuit U.S. District Court by Plaintiff RICHARD CARUSO against all of the following named Defendant's as follows •

- • NATIONAL RECOVERY AGENCY, a business entity, form unknown,
- • TRANS UNION LLC, a business entity, a National Credit Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f).
- • EXPERIAN  INFORMATION SOLUTIONS INC., a business entity, a National Credit Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f).
- • DOES 1 THROUGH 10, inclusively, for numerous statutory violations of the Telephone Consumer Practices Act's (TCPA's) as follows: •
- • 47 U.S.C. §227(b)(1)(A)  (TCPA);
- • 47 U.S.C. §227(b)(1)(A)(iii), (TCPA);

for strict statutory violations of the Fair Debt Collection Practices Act's  (FDCPA's) as follows: •

- • 15 U.S.C.§1692c(a)(1),  Fair Debt Collection Practices Act (FDCPA)
- • 15U.S.C.§1692d(5),  Fair Debt Collection Practices Act (FDCPA)
- • 15 U.S.C.§1692d(6), Fair Debt Collection Practices Act (FDCPA)
- • 15 U.S.C.§1692e(10), Fair Debt Collection Practices Act (FDCPA)

for strict statutory violations of the California Rosenthal Fair Debt Collection Practices Act (CFDCPA) as follows: •

- • California Code of Civil Procedure §1788 *et seq*.

6.    The FDCPA regulates the behavior of collection agencies attempting to collect a consumer debt *on behalf of another entity*. The United States Congress has found *abundant evidence of the use of abusive, deceptive, and unfair consumer debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy*. Congress enacted the FDCPA to *eliminate abusive consumer debt collection practices by debt collectors*, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to *protect consumers against debt collection abuses described* in[15 U.S.C.§1692(a)-(e)].

7.    The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of ***one violation***. The Ninth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "*least sophisticated*" consumer. [Baker v. G.C. Services Corp., 677 F.2d 775, 778 (9th Cir. 1982); *Swanson v. Southern Oregon Credit Service, Inc.* 869 F.2d 1222, 1227(9th Cir. 1988)]. This objective standard "ensure[s] that the FDCPA *protects all consumers*, the *gullible as well as the shrewd ... the ignorant*, the *unthinkable* and the *credulous*." [*Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2nd Cir. 1993)].

8.    To prohibit deceptive practices the FDCPA, at 15 U.S.C.§1692e, outlaws the use of *false*, *deceptive*, and *misleading collection letters* and names a non-exhaustive list of certain per se violations of *false* and *deceptive collection conduct* 15 U.S.C.§1692e(1)-(16).

9.    To prohibit *harassment and abuses* by debt collectors the FDCPA, at 15 U.S.C.§1692d, provides that a debt collector *may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a consumer debt* and names a non-exhaustive list of certain per se violations of harassing and abusive collection conduct 15 U.S.C.§1692d(1)-(6).  Among these per se violations prohibited by this section

1  are: *any collection activities and the placement of telephone calls without*

2  *meaningful disclosure of the callers identity* [15 U.S.C.§1692d(6)].

3      **10.**  The FDCPA also prohibits, at15 U.S.C.§1692c, *without the prior*

4  *consent of the consumer given directly to the debt collector*, or the *express written*

5  *permission of a court of competent jurisdiction*, or as reasonably necessary to

6  effectuate a post judgement judicial remedy, communication by a debt collector in

7  connection with the collection of *any consumer debt.*, with any person other than the

8  consumer, his attorney, a consumer reporting agency if otherwise permitted by law,

9      **11.**  The RFDCPA *regulates collection agencies and original creditors* the

10  creditor, the attorney of the creditor, or the attorney of the consumer debt collector.

11  has determined that the banking and credit system and grantors of credit  to

12  consumers are *dependent upon the collection of just and owing debts* and that

13  *unfair or deceptive collection practices undermine the public confidence that is*

14  *essential to the continued functioning of the banking and credit system and sound*

15  *extensions of credit to consumers*. The Legislature has further determined that there

16  is a need that debt collectors *exercise their responsibility with fairness, honesty, and*

17  *due regard for the debtor's rights* and that debt collectors must be *prohibited from*

18  *engaging in unfair or deceptive acts or practices.*

19  <h1 style="text-align:center">II.  <u>JURISDICTION AND VENUE</u></h1>

20      **12.**  Jurisdiction of this Court arises under 47 U.S.C.§227(b)(3)  and

21  15 U.S.C. §1692(k)(d),  supplemental jurisdiction also exists for the state law claims

22  pursuant to California Stat.§1788 and California Code of Civil Procedure §410.10.

23      **13.**  The following above-named Defendants:

24      ●  NATIONAL RECOVERY AGENCY, a business entity, form unknown,

25      ●  TRANS UNION LLC., a business entity,  a National Credit Reporting

26  Agency ("CRA") as defined by 15 U.S.C. §1681(f).

27      ●  EXPERIAN INFORMATION SOLUTIONS, INC., a business entity,

28  a National Credit Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f).

1     •    DOES 1 thru 10 inclusively, all conduct business in the State of

2 California and therefore, personal jurisdiction is established. The jurisdiction of this

3 court is further conferred by 15 U.S.C.§1681p.

4     **14.**  Venue is proper pursuant to 28 U.S.C. §1391b and California Civil

5 Procedure §395(a). Venue in this Ninth District is proper in that Plaintiff

6 RICHARD CARUSO resides in San Diego County.

7     **15.**  The Defendant's all transact business in San Diego County, and the

8 conduct complained of occurred in San Diego County.

9     **16.**  This is an action for damages which *exceeds $50,000.00 U.S. Dollars*

## III.   PRIVATE RIGHT TO ACTION

11     **17.** FCRA Sections 616 and 617, U.S.C. §1681o, create private right of

12 action consumers can bring against violators of any provision of the FCRA with

13 regards to their credit. In *DiMezza v. First USA Bank, Inc*. supra, the court

14 confirmed that "[...] the plain language of [CRA Sections 616 and 617, 15

15 U.S.C.§1681n and §1681o] provide a private right of action for a consumer against

16 furnishers of information who have willfully or negligently failed to perform their

17 duties upon notice of a dispute. [...] there is a private right of action for consumers

18 to enforce the investigation reporting duties imposed on furnishers of information."

19     **18.** *Gorman v. MBNA America Bank*, N.A., No. 06-17226 further established

20 Private Remedy Against Furnishers by consumers and FCRA Section 1681s-2(b)

21 *triggers Defendants' furnisher's liability under this section*, since Plaintiff made his

22 initial written disputes with the credit reporting agencies.

23     **19.**  California Civil Code §1785.15(f) expressly states that consumers

24 "have a right to bring civil action against anyone [...], who improperly obtains

25 access to a file, knowingly or willfully misuses file data, or fails to correct

26 inaccurate file data" concerning a consumer's credit report. Plaintiff has further

27 right to action pursuant to Cal. Civ. Code §1785.31(a), which states that Plaintiff as

28 "any consumer who suffers damages as a result of a violation of this title by any

1 person may bring an action in a court of appropriate jurisdiction against that person
2 to recover actual, statutory, and punitive damages together with attorneys fees and
3 costs, pursuant to 15 U.S.C. §1692(d)(5), together with such other and further relief
4 as the Court may deem reasonable and just under the circumstances.

5     **20.**   *Sanai v. Saltz, et al.*, 2009 Cal. App. LEXIS 83 (Cal. App. 2d Dist.
6 Jan. 26, 2009) established that consumers may re-plead their FCRA claims as
7 violations of the CCRAA and that State claims are not preempted by the FCRA.
8 In further support, courts have uniformly rejected creditors' and consumer reporting
9 agencies' arguments that the FCRA bars State law claims. See *Sehl v. Safari Motor*
10 discussion); *Harper v. TRW*, 881F. Supp. 294 (U.S.D.C. S.D. Mich. 1995);
11 *Coaches, Inc.*, 2001 U.S. Dist. Lexis 12638 (U.S.D.C. N.D. Cal. 2001);
12 *Rule v. Ford Receivables,* 36 F. Supp.2d 335 (U.S.D.C. S.D. Va. 1999);
13 *Watkins v. Trans Union*, 118F. Supp.2d 1217 (U.S.D.C. N.D. Ala. 2000);
14 *Swecker v. Trans Union*, 31 F. Supp.2d 536 (U.S.D.C. E.D. Va. 1998);
15 *Saia v. Universal Card Svc.*, 2000 U.S. Dist. Lexis 9494, 2000 Westlaw 863979
16 (U.S.D.C. E.D. La. 2000); *Sherron v. Private Issue by Discover*, 977 F. Supp.2d 804
17 (U.S.D.C. N.D. Miss 1997); *Hughes v. Fidelity Bank*, 709 F. Supp.2d 639,
18 (U.S.D.C. E.D. Pa. 1989).

19     **21.**  15 U.S. C.§1692k(a) states that "... any debt collector who fails to comply
20 with any provision of this title with respect to any person is liable to such person in
21 an amount equal to the sum of-."

22     **22.**  Cal Civ. Code §1788.30(a) states that "any debt collector who violates
23 this title with respect to any debtor shall be liable to that debtor only in an individual
24 action..."

25 # IV.   <u>THE PARTIES</u>

26     **23.**  Plaintiff RICHARD CARUSO, (hereinafter "CARUSO") is a natural
27 person and a resident of the State of California, San Diego North county, Vista,
28 92084.

**24.** Upon information and belief the following Defendant's

- NATIONAL RECOVERY AGENCY, (hereinafter "NRA") is a nationwide provider of accounts receivable management and consumer debt collection service which purchases and collects alleged negative consumer debts from other companies. NRA's corporate offices are located at 2491 Paxton Street, Harrisburg, PA, 17111.

- TRANS UNION LLC, (hereinafter " TU") a business entity, or a National Credit Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f) with their corporate offices located at 2 Baldwin Place, Chester, PA, 19022.

- EXPERIAN INFORMATION SOLUTIONS, INC., (hereinafter "EIS"), a business entity, or a National Credit Reporting Agency ("CRA") as defined by 15 U.S.C. §1681(f) with their corporate offices located at 601 Experian Pkwy, Allen TX, 75013.

- DOES 1 thru 10 inclusively, <u>collectively</u>, these defendants NRA, TU, EIS and DOES 1-10 hereto will be referred to as "credit bureau defendants" or "credit agency defendants", is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants as defined by 15 U.S.C. §1681(f).

**26.** <u>Defendants</u> Does 1 thru 10, are individuals and business entities, form unknown, doing business in the State of California as credit reporting agencies, debt collection agencies, creditors or other persons or entities which engage in credit reporting and/or debt collection. Does 1-10, Inclusive, includes individuals or business entities doing business in the State of California as credit reporting agencies, debt collectors and/or creditors who have refused to delete accounts of Plaintiff that were procured through identity theft, mixed file or other manner of recording an inaccurate credit account, even after Plaintiff has notified them of the false or inaccurate derogatory consumer credit information, and also who have

1  reported such accounts as derogatory credit references to credit reporting agencies
2  (hereinafter "CRA's").

3      **27.**   Plaintiff TUCK does not know the true names and capacities, whether
4  corporate, partnership, associate, individual or otherwise of Defendants sued herein
5  as Does 1 through 10, inclusive, under the provisions of Section §474 of the
6  California Code of Civil Procedure. Plaintiff is informed and believes and on that
7  basis alleges that Defendants Does 1 through 10, inclusive, are in some manner
8  responsible for the acts, occurrences and transactions as officers, directors or
9  managing agents of Defendants or as its agents, servants, employees and/or joint
10 ventures and as set forth in this Complaint, and that each of them are legally liable to
11 Plaintiff, as set forth below and herein:

12     a)   Said Officers, directors or managing agents of Defendants personally
13 acted willfully with respect to the matters alleged in this Complaint;

14     b.   Said Officers, directors or managing agents of Defendants personally
15 authorized, approved of, adopted and/or ratified the acts alleged herein or the agents,
16 servants, employees and/or joint ventures of Defendants did so act;

17     c.   Said Officers, directors or managing agents of Defendants personally
18 participated in the acts alleged herein of the Defendants;

19     d.   Said Officers, directors or managing agents of Defendants personally had
20 close supervision of their agents, servants, employees and/or joint ventures of
21 Defendants;

22     e.   Said Officers, directors or managing agents of Defendants personally
23 were familiar with the facts regarding the matters alleged herein;

24     f.   Said Officers, directors or managing agents of Defendants personally
25 failed to investigate the circumstances appertaining to the acts alleged herein.
26 They also failed and refused to repudiate the herein alleged actions and failed to
27 redress the harm done to  Plaintiff TUCK. Further, said Officers, directors, or
28 managing agents of Defendants failed and refused to punish or discharge the said

agents, servants, employees and/or joint venturers of the Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of the said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

**28.**   Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took soem part in acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiff for the relief prayed for in this Complaint, and any future amended Complaint. Further, Plaintiff alleges that each act alleged herein, whether by named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section §3294(b), by each and every other Defendant herein, whether named or fictitiously named.

**29.**   Collectively, these defendants NRA, TU, EIS and DOES 1-10 hereto will be referred to as "credit bureau defendants" or "credit agency defendants", is a consumer creditor which, among other activities, reports allegedly delinquent consumer debts to credit bureaus and is a "furnisher" of negative consumer credit to credit bureau defendants.

## V.   FACTUAL ALLEGATIONS

**30.**   Plaintiff CARUSO *has no prior or present established relationship* with the defendants NRA, TU, EIS and DOES 1-10 hereto as it pertains to *ANY* negative consumer debt account or *any other alleged accounts in any amounts*.

**31.** Plaintiff CARUSO *has no contractual obligation to pay* defendants NRA, TU, EIS and DOES 1-10 hereto *anything*.

**32.** Plaintiff CARUSO *has never given* defendant NRA and DOES 1-10 *express written permission to call Plaintiffs cellular phone* more than thirty nine (39) times, *many times more than once in the same business day,* between

1  the dates of May 5, 2015 and today's date.

2      **33.**   Defendant  NRA and DOES 1-10 hereto called Plaintiff's

3  private cell phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418  from

4  phone numbers (800) 773-4503, (800) 888-4213, (800) 360-4319, (717) 540-5605

5  more than thirty nine (39) times, *many times multiple calls all in the same business*

6  *day,* clearly violating 15 U.S.C. §1692c(a) of the (FDCPA).

7      **34.**   Plaintiff CARUSO hereby moves this Ninth District honorable court to

8  take "Judicial Notice" that none of the more than thirty nine (39)  harassing

9  consumer debt collection calls placed  by defendants NRA and DOES 1-10 hereto,

10  between the dates of May 5, 2015 and today's date *were  made for emergency*

11  *purposes,*  clearly violating United Stated Code 47 U.S.C. §227(b)(1)(A)(iii), of the

12  (TCPA).

13      **35.**   Plaintiff CARUSO further informs this honorable court that between the

14  dates of May 5, 2015 and today's date defendants NRA  and DOES 1-10

15  called Plaintiff's private cell phone numbers (760) 877-4404, (760) 877-0400,

16  (760) 888-7418 from phone numbers (800) 773-4503,  (800) 888-4213,

17  (800) 360-4319, (717) 540-5605 more than thirty nine (39) times, *many times*

18  *placing numerous harassing collection calls in the same business day* violating the

19  TCPA's strict statutory guidelines *by using automatic telephone dialing system*

20  *capabilities or artificial or prerecorded messages or voices* on the Plaintiff's cell

21  phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418 clearly violating

22  47 U.S.C. §227(b)(1)(A) (TCPA) more than thirty nine (39) times.

23      **36.**   Between the dates of  May 5, 2015 and today's date, defendants NRA

24  and DOES 1-10 called Plaintiff CARUSO's private cell phone numbers  (760) 877-

25  4404, (760) 877-0400, (760) 888-7418 from phone numbers  (800) 773-4503,

26  (800) 888-4213, (800) 360-4319, (717) 540-5605  more than thirty nine (39) times,

27  defendants NRA and DOES 1-10  *asserted a right which it lacks to wit,*

28  *the right to enforce* a consumer debt allegedly owed by Plaintiff CARUSO to the

1  above-listed Defendants.

2  **37.**   Between the dates May 5, 2015 and today's date defendants NRA and
3  DOES 1-10 called Plaintiff's cell phone numbers  (760) 877-4404, (760) 877-0400,
4  (760) 888-7418 from phone numbers  (800) 773-4503,  (800) 888-4213, (800) 360-
5  4319, (717) 540-5605  more than thirty nine (39) times times,  *failed to identify that*
6  *they were consumer debt collectors* trying to collect on a alleged negative consumer
7  debt originating between the years of 2015 to the present date, this same consumer
8  debt allegedly owed to the defendant's NRA and DOES 1-10 by Plaintiff CARUSO.

9  **38.**   On numerous occasions, the Plaintiff has demanded in writing that
10  above- named defendant's NRA, TU, EIS and DOES 1-10 provide Plaintiff
11  CARUSO with written "verification" and consumer debt validation and defined by
12  15 U.S.C.§1692g(1)(2)(5)(b) and the California Consumer Protection Statutes and
13  Laws, as it pertained to any/all alleged consumer debt[s], to date all defendant's in
14  the above-entitled case have ignored all attempted communications by phone, email,
15  in writing, or otherwise,  clearly demonstrate willful and non-compliance with
16  47 U.S.C. §227(b)(1)(A), (TCPA).

17  **39**   Defendants NRA and DOES 1-10 by and thru their above-described
18  actions violated the strict statutory guidelines set forth in §1692d of the Fair Debt
19  Collections Practices Act (FDCPA) *by engaging in conduct the natural*
20  *consequences of which is to harass, oppress, or abuse* the Plaintiff  by calling his
21  cell phone on more than thirty nine (39)  separate occasions over a ten (10) month
22  period of time from May 5, 2015 to today's date .
23  *Many of these cell phone calls were placed  before the early morning hours of 8:00*
24  *am*, and many of *these same abusive calls* were placed *multiple times on the very*
25  *same day*, all of which the Plaintiff has to pay for on his monthly cellular phone bill.

26  **40.**   Defendants NRA and DOES 1-10 ,  *clearly violated* section §1692d(5)
27  of the Fair Debt Collection Practices Act (FDCPA) and at the *very same time*
28  violated the California Rosenthal Fair Debt Collection Practices Act Section

§1788.17 (CFDCPA),  by calling Plaintiff CARUSO on his personal cell phones on more than thirty nine (39) separate occasions and caused Plaintiff CARUSO's cellular phone to ring repeatedly and continuously with the intent to annoy, abuse, or harass him into paying alleged consumer debts.

**41.**  The same consumer debt allegedly owed to all of the Defendant's herein arose out of a transaction that was primarily for *personal, family, or household purposes*.

**42.**  As Plaintiff *has no business debt*, this same alleged *business debt presently sought now by* defendants NRA and DOES 1-10 hereto, *could only have been used for personal purposes*.

**43.**  During this same  period of time defendants  NRA, TU, EIS and DOES 1-10 hereto,  ignored all written attempts by Plaintiff CARUSO to have the defendants NRA and DOES 1-10 *cease and desist* all collection activities *immediately*, *instead,* the Defendants *commenced an ongoing almost daily campaign over a more than ten (10) month period of time to harass, abuse and coerce Plaintiff CARUSO  into paying an alleged consumer debt*.

**44.**  On December  24, 2015, Plaintiff CARUSO sent defendants  NRA a Notice of Intention to Commence Action by Certified Mail Receipt No # 7015 0640 0000 4511 3966 *which the Defendant received and signed for on December 30, 2015*. To date defendant NRA has fully ignored these requests and to date is *not responding to any* written communication efforts/demands  made by the Plaintiff.

# VI.  COUNT I
## VIOLATIONS OF THE TELEPHONE COMMUNICATIONS PRACTICES ACT (TCPA) 47 U.S.C. §227(b)(1)(A) AGAINST DEFENDANTS NRA AND DOES 1 THROUGH 10

**45.**  Plaintiff CARUSO  re-alleges and restates all fo the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 44 herein.

**46.**    In 1991, Congress enacted th TCPA [1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

**47.**    The TCPA regulates, among other things, the use of Voice and ATDS. Specifically, the plain language of Section §227(b)(1)(A) prohibits the use of an ATDS to make any call to a wireless number, or to use a Voice during such a call, in the absence of *an emergency* or the *prior express written consent* of the called party.[2]

**48.**    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, telephone calls using a Voice or an ATFS are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the cell phone minutes are used. [3]

**49.**    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that Voice and ATDS consumer debt collection calls to a wireless cell phone number by creditor or consumer debt collector are permitted only if the calls are made with the "prior express written consent" of the called party. [4] The FCC "emphasize[d] that prior express written consent is deemed to be granted only if the wireless number was provided during the transaction that resulted in the debt owed [5]

**50.**    The Declaratory Ruling further dictates that: " a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party consumer debt collector on behalf of that creditor are treated as if the creditor itself placed the call ."[6]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. §227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. §201 et. seq.
[2] 47 U.S.C. §227(b)(1)(A).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).
[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("FCC *Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

51.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the defendant's NRA and DOES 1-10 , to *demonstrate* that Plaintiff CARUSO gave his *prior express written consent* to use a Voice or an ATDS call to his cell phones within the meaning of the statute. [7]

52.     At all times pertinent hereto, defendant's NRA and DOES 1-10 , has carried on its business by engaging in consumer debt collection practices. The defendant's NRA and DOES 1-10, all of them have made telephone calls to the cellular telephones of consumers for purposes of collecting consumer debts allegedly owed to them.

## I.     First Challnged Practice:  Defendants NRA and DOES 1-10 Debt Collectors' Calls To Cellular Telephones Using a Voice And/Or An ATDS

53.     At all times pertinent hereto, the defendant's NRA and DOES 1-10 , as Debt Collectors, have utilized a Voice during consumer debt collection calls made to the cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, previously given defendant's NRA and DOES 1-10 , *express written permission or consent* to receive such calls.

54.     Calls utilizing Voice allow defendant's NRA and DOES 1-10, to *collect more debt*.

55.     At all times pertinent hereto,  defendant's NRA and DOES 1-10, have utilized a Voice during debt collection calls which is one of this "industries newest innovations" which is "agentless" recorded messages as reminders."

56.     At all times pertinent hereto, defendant's  NRA and DOES 1-10 all consumer debt collectors, have utilized a Voice, including a predictive dialer, to make debt collection calls to the private cellular telephones of consumers who had not, during the transaction that resulted in the alleged consumer debt, *ever* previously given defendant's NRA and DOES 1-10 *express written permission or consent* to receive such calls.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                              PAGE 15

57.   A predictive dialer is an ATDS within the meaning of the TCPA, because it is equipment that, when paired with certain computer software,  has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

58.   Defendant's NRA and DOES 1-10 has entered into written contracts with all of its subsidiaries to use predictive dialers, for example, the terms of the Collection Services Agreement utilized by defendant's  NRA and DOES 1-10 require that consumers be contacted "via mail and predictive dialer in an effort to collect on past due balances." *See Lee v. Credit Mgmt., LP*, 2012 WL 113793, at *11 & n.17 (S.D. Tex. 2012).

59.   Calls utilizing an ATDS allow defendant's NRA and DOES 1-10 *to collect more debt*.

60.   At all times pertinent hereto,  defendant's  NRA and DOES 1-10 has been aware that its employees/personnel have utilized an ATDS because, *inter alia*, the use of an ATDS is standard industry practice among consumer debt collectors., the "predictive dialer enables us to reach more of our client's while maintaining a cost-effective approach"and that the "dialer *** completes call campaigns more quickly*** conducts the most effective calling strategies ***."

61.   On information and belief, within the past six (6)  years, NRA  and DOES 1-10 have placed ten of thousands of Voice and/or ATDS calls to the cellular telephones of consumers *who had not*, during the transaction that resulted in the alleged consumer debt, *previously given* defendant's NRA and DOES 1-10 *prior written express consent* to receive such calls.

**II.**   **Second Challenged Practice: Defendants NRA AND DOES 1-10 Making Calls To Cellular Telephones Using A Voice And/Or An ATDS**

62.   At all times pertinent hereto, defendant's NRAand DOES 1-10 has utilized a Voice during consumer debt collection calls to the cellular telephones of

consumers who had not, during the transaction that resulted in the consumer debt, previously given defendant's NRA and DOES 1-10 *express written consent* to receive such calls.

**63.** At all times pertinent hereto, defendant's NRA and DOES 1-10 has also utilized an ATDS, including a predictive dialer, to make consumer debt collection calls to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given defendant's NRA and DOES 1-10 *express written consent* to receive such calls.

**64.** On information and belief, within the past six years, defendant's NRA and DOES 1-10 has made thousands of Voice and/or ATDS calls to the cellular telephones to consumers who had not, during the transaction that resulted in the alleged debt, previously given defendant's NRA and DOES 1-10 *prior express written consent* to receive such calls.

### III.   Plaintiff RICHARD CARUSO

**65.** Plaintiff RICHARD CARUSO is a "person" as defined by 47 U.S.C.§153(39).

**66.** In 2015, Plaintiff CARUSO began receiving automated telephone calls from defendant's NRA and DOES 1-10 on his cellular telephones.

**67.** For Example, Plaintiff CARUSO's T-Mobile cell phone records show that he received incoming calls from defendant NRA and DOES 10 on at least one of the following dates:

a.   December 6, 2015;     (two calls from Phone # (800) 360-4319)

b.   December 7, 2015;     (four calls from Phone # (800) 888-4213

c.   December 8, 2015;     (four calls from Phone # (800) 888-4213

d.   December 11, 2015;    (four calls from Phone # (800) 888-4213

e.   December 15, 2015;     (three calls from Phone # (800) 773-4503

f.   December 16, 2015;     (four calls from Phone # (800) 773-4503)

g.   December 17, 2015;     (three calls from Phone # (800) 360-4319

h.    December 18, 2015;    (two calls from Phone # (800) 360-4319

i.    December 20, 2015;    (three calls from Phone # (800) 360-4319

j.    January 2, 2016;    (four calls from Phone # (800) 360-4319

k.    February 17, 2016    (four calls from Phone # (800) 360-4319

**68.**    Defendant's <u>NRA</u> and <u>DOES 1-10</u> placed a multitude of other calls to Defendant CARUSO's private cell phone numbers over the past 10 months, *more than this defendant cares to document in this Complaint* , *but the finding of and exact amount* of these *multiple harassing calls* can be found out by Plaintiff CARUSO during the Discovery process of this Complaint for Damages and Injunctive Relief set for Jury trial.

**69.**    Plaintiff CARUSO *has no relationship with the* Defendant's NRA, TU, EIS and DOES 1-10 There exists *no contract* between Plaintiff CARUSO and Defendant's NRA  TU, EIS and DOES 1-10 for arbitration or otherwise.

**70.**    Defendant's NRA  and DOES 1-10 *utilized a predictive dialer to make all of the calls described above*.

**71.**    Defendant's NRA and DOES 1-10 *utilized a Voice during at least some of the more than thirty nine (39) calls placed cellular calls to the Plaintiff cellular phones described above*.

**72.**    *All of the calls described above were placed by* Defendant's NRA and DOES 1-10 to Plaintiff CARUSO's cellular phones *solely to collect a consumer debt allegedly owed to* Defendant's NRA and DOES 1-10

**73. (TCPA) 47 U.S.C. §227(b)(1)(A) states in part;**

**(b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT**

**(1)** PROHIBITIONS - <u>It shall be unlawful for any person within the United States, or person outside the United States if the recipient is inside the United States</u> -

**(A)** <u>to make any call (other than a call made for emergency purposes or made with the prior express written consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice</u> .

**74.** Defendant's NRA and DOES 1-10 *have demonstrated willful and knowing non-compliance* with 47 U.S.C. §227(b)(1)(A) *by using an automatic telephone dialing system* to call the Plaintiff's cell phone numbers from May 5, 2015 to the present date more than thirty nine (39) times. All of these same call's were made to plaintiff's private cell phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418 from phone numbers (800) 773-4503, (800) 888-4213, (800) 360-4319, (717) 540-5605 more than thirty nine (39) times even thought the plaintiff CARUSO's cell phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418 have all been listed on the "National Do Not Call List" since August 20, 2010.

**75.** Defendant's NRA and DOES 1-10 have committed more than thirty nine (39) separate strict statutory violations of 47 U.S.C. §227(b)(1)(A). Accordingly Plaintiff CARUSO is *entitled* to statutory damages in the amount of $500 dollars U.S. for the first *"unintentional"* consumer collection call made to Plaintiff CARUSO by the Defendant's NRA and DOES 1-10 on December 6, 2015, pursuant to 47 U.S.C. §227(b)(1)(A).

**76.** Plaintiff CARUSO is *also entitled to* treble damages in the amount of $1500.00 U.S. dollars for *each* of the additional thirty eight (38) *"intentional"* consumer debt collection calls placed by Defendants NRA and Does 1 thru 10, to the plaintiff's private cell phone numbers (760) 877-4404, (760) 877-0400, (760) 888-7418. After this initial first *"unitentional"* call pursuant to 47 U.S.C. §227(b)(3)(B). Defendant's NRA and DOES 1-10 have demonstrated *willful and knowing non-compliance* with 47 U.S.C. §227(b)(3)(B) as those calls were ALL *"intentional"*, meaning the last thirty eight (38) consumer debt collection calls placed by Defendant's NRA and DOES 1-10 to Plaintiff CARUSO's cellular phone are *subject to treble damages, or $1500 per call* pursuant to 47 U.S.C. §227(b)(3)(B) .

**77.**   Defendant's NRA 1-10 have also demonstrated *willful or knowing non-compliance* with 47 U.S.C. §227(b)(1)(A)(iii) as 28 of the consumer debt collection calls made by the defendant's NRA and DOES 1-10 to the Plaintiff are subject to *treble damages* pursuant to U.S.C. §227(b)(3) as these calls were *intentional* .

**78.**   Plaintiff CARUSO and Defendant's NRA and DOES 1-10 *do not* have an *established business relationship* within the meaning of 47 U.S.C. §227 *et seq.*

**WHEREFORE,** Plaintiff CARUSO demands judgement for damages against defendant's NRA and DOES 1-10 for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §227(b)(1)(A), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VII.   COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTIONS PRACTICES ACT(FDCPA) 15 U.S.C. §1692(c)(a)(1) AGAINST DEFENDANTS NRA AND DOES 1 THROUGH 10

**79.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 78 herein.

**80.**   **15 U.S.C. §1692(c)(a)(1) states in part;**

COMMUNICATION WITH THE CONSUMER GENERALLY without the *prior express written consent* of the consumer given directly to the consumer debt collector or the *express permission* of a court of competent jurisdiction, a consumer debt collector *may not* communicate with the consumer in connection with the collection of the debt.

**81.**   As previously alleged, Defendant's NRA and DOES 1-10 are all "debt collectors" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. Section §1692 *et seq.* defendant's NRA and DOES 1-10 are all engaged in conduct proscribed by 15 U.S.C. Section §1692e(8), namely, "Communicating or threatening to communicate to any person negative consumer credit information which is known or which should have known to be false, including the failure to

communicate that a disputed consumer debt is disputed" Plaintiff CARUSO
reserves the right to allege other violations of the FDCPA as the facts of this case
unfold.

82.    Plaintiff CARUSO alleges Defendant's NRA and DOES 1-10 all
*violated other statutory provisions* of the Federal Fair Debt Collection Practices
Act, as follows:

a. 15 U.S.C. Section §1692d: defendants NRA DOES 1-10 and
engaged in consumer debt collection efforts after they knew, and had determined,
that they had no basis for continuing to pursue  plaintiff CARUSO that had the
natural consequences of harassing, abusing and oppressing the plaintiff
*in concert or in conjuction or unison with other named defendants contained herein*
*in the above-entitled federal complaint*.

b. 15 U.S.C. Section §1692e: defendants NRA DOES 1-10 and
*have threatened action, or taken action, including threats of negative credit*
*reporting, threats of lawsuits and implicit or explicit threats of derogatory negative*
*credit reporting, that cannot legally be taken because the alleged debt is not*
Plaintiff CARUSO's *consumer debt*.

c. 15 U.S.C. Section §1692f: defendants NRA and DOES 1-10 have
each used unfair or unconscionable means to collect or attempt to collect the alleged
debt. Specifically, each has attempted to collect amounts not expressly authorized
by law or by any agreement, and have continued to attempt collection in spite of
cancellation of the underlying agreement.  In essence, there is no agreement and no
obligation by which Mr. CARUSO owes any monies to defendant's NRA  and
DOES 1-10 , yet defendants NRA and DOES 1-10 persists to this day in their
ongoing concerted campaign and harassing consumer  collection efforts.

83.    Defendant's NRA and DOES 1-10  knew, or should have known that
they placed more than thirty nine (39) Voice and/or automated ADTS telephone
calls to plaintiff's private cell phone numbers  (760) 877-4404, (760) 877-0400,

(760) 888-7418 from phone numbers (800) 773-4503,  (800) 888-4213,

(800) 360-4319, (717) 540-5605  more than thirty nine (39) times, between the

dates of May 5, 2015 to the present day,  were both inconvenient, annoying,  and

cost her money on his cell phone bills that he had to pay for. All of these calls were

made *deliberately and intentionally, thus,* NRA and Does 1 through 10 have

committed thirty nine (39) separate and distinct statutory violations of 15 U.S.C.

§1692(c)(a) . *Every single one* of these illegally placed calls was made by

defendant's NRA and DOES 1-10 *without* the ***prior express written consent*** of the

consumer plaintiff CARUSO.

    **84.**    As a result of these statutory violations of the Federal Fair Debt

Collection Practices Act by Defendant's NRA DOES 1-10 inclusively, plaintiff

CARUSO has suffered general and special damages according to proof, and is

entitled to a statutory penalty for each separate violation of Act.

    **WHEREFORE,** Plaintiff CARUSO demands judgement for damages and

injunctive relief against Defendant's  NRA and DOES 1-10 inclusively, for actual

statutory and punitive damages, attorney's fees and costs pursuant to 15 U.S.C.

§1692(c)(a), together with such other and further relief as the Court may deem

reasonable and just under the circumstances.

# VIII.   COUNT III
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) §1692(d)(5) BY DEFENDANTS NRA AND DOES 1 THROUGH 10

    **85.**    Plaintiff CARUSO re-alleges and restates all of the foregoing

jurisdictional allegations and general factual allegations in paragraphs 1 thru 84

herein.

    **86. 15 U.S.C. §1692(d) states in part;**
      A debt collector may not engage in any conduct the natural consequences
of which is to harass, oppress,  or abuse any person in connection with the
collection of a consumer debt. Without limiting the general application of
the foregoing, the following conduct is a violation of this section:

**87. 15 U.S.C. §1692(d)(5) states in part;**
Causing a telephone to ring or engaging any person in a telephone
conversation repeatedly or continuously with the intent to annoy, abuse,
or harass any person at the called number.

**88**     Defendant's NRA and DOES 1-10 inclusively, violated 15 U.S.C.
§1692(d)(5) by calling plaintiff's private cell phone numbers  (760) 877-4404, (760)
877-0400, (760) 888-7418 from phone numbers (800) 773-4503,  (800) 888-4213,
(800) 360-4319, (717) 540-5605  more than thirty nine (39) times, {*many times
before 8:00 am in the morning*}{many times calling *multiple times in the same day*}
directly causing the Plaintiff's personal cell phone to ring repeatedly and
continuously with the *intent* to *annoy, abuse, or harass* the plaintiff.  Every single
one of these placed calls were placed  by defendant's NRA and DOES 1-10
*without* the *prior express written consent* of the consumer, plaintiff CARUSO

**89.**     During this same ten (10)  month  period of time between
May 5, 2015 to the present day defendant's NRA and DOES 1-10  staff/peronnel
intentional and repeatedly called plaintiff CARUSO  more than thirty nine (39)
times private cell phone numbers  (760) 877-4404, (760) 877-0400, (760) 888-7418
from phone numbers (800) 773-4503,  (800) 888-4213, (800) 360-4319, (717) 540-
5605  more than thirty nine (39) times,  This has caused this plaintiff undue *stress,
confusion*, and *long term nervousness* and *embarrassment*, including *unexpected
increased cell phone bills that this plaintiff could ill afford.*

**90.** Plaintiff CARUSO alleges that Defendant's NRA and DOES 1-10 caused his
cell phones to ring on more than thirty (39) separate occasions  between the dates
of  May 5, 2015 to the present day, by causing him to answer these calls and either
engage in a  conversation with defendant's NRA and DOES 1-10 staff or,  have to
listen to numerous  pre-recorded messages left by defendant's NRA and DOES 1-10
inclusively,  staff on CARUSO's  cell phone message service accounts, which
plaintiff CARUSO *has to pay monies for.*

**WHEREFORE**, plaintiff CARUSO demands judgement against defendant's NRA and DOES 1-10 inclusively, for actual, statutory, and punitive damages, attorneys fees and costs, pursuant to 15 U.S.C. §1692(d)(5),  together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# VIIII.   COUNT IV
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692(d)(6) BY DEFENDANTS NRA AND DOES 1 THROUGH 10

**91.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 90 herein.

**92. 15 U.S.C. §1692(d)  states in part;**

A consumer debt collector may not engage in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged consumer debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

***The placement of telephone calls without meaningful disclosure of the caller's identity.***

**93.**   Defendant's NRA and DOES 1-10 inclusively, staff/personnel violated 15 U.S.C. §1692(d)(6) (FCPA) by placing more than thirty nine (39) automated and/or voice calls to plaintiff CARUSO's cell phones between the dates of May 5, 2015 and the present day. On several occasions these very same calls were made without meaningful disclosure of the caller defendant's NRA and DOES 1-10's true identity.  All thirty nine (39) calls were independently placed at different times.

**94.**   Every single one of these more than thirty nine (39) phone calls placed by defendant's NRA and DOES 1-10 inclusively, were being made *without* the *prior express written consent* of the consumer plaintiff CARUSO.

This added to the plaintiff's daily confusion and anxiety about these very same calls.

> *i.e.*   *Who is this person or machine on the other end of the phone?*
> *Why are they calling me almost every day, many times a day?*
> *Why are they leaving these strange messages?*
> *Why won't the people (when they do come on the line)*
> *not listen to me and stop calling me?*

**95.**   Defendant's NRA and DOES 1-10 are using the fact that the plaintiff's has mental issue's he takes prescribed by his doctor daily medicine's for by continually calling his personal cell phones *sometime's more than once a day*, to *harass*, *annoy* and *coerce* herin to paying an *alleged grossly inflated, non-existent consumer debt*.

**96.**   Defendant's NRA  and DOES 1-10 inclusively, *thru mailed  dunning letters and phone numerous harassing phone calls* to Plaintiff CARUSO *threatening* to report this same alleged non-existent consumer debt item to be placed by defendant's NRA  and DOES 1-10 on all three National consumer credit reporting agencies that record and report Plaintiff CARUSO's credit. ***These very same  illegal business activities  border  on the edge of professional business extortion practices.***

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against Defendants 's NRA and DOES 1-10 inclusively,  for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §1692(d)(6) (FDCPA) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# X.   COUNT V
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C.§1692(e)(10) BY DEFENDANTS ECG, MCM, MF, HSBC, CONA, VERIZON, AND DOES 1 THROUGH 10

**97.**   Plaintiff CARUSO  re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 96 herein.

**98**   Defendants 's NRA and DOES 1-10 violated 15 U.S.C. §1692(e)(10) (FDCPA) by the use of false representation or deception means to collect or attempt to collect a debt or to obtain information concerning a consumer.

**99**   Defendants 's NRA and DOES 1-10 staff *lied* to Plaintiff CARUSO on numerous occasions from May 5,2015 to the present day to gain information about the Plaintiff CARUSO .

**100.**   **15 U.S.C. §1692(e) states in part;**

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any consumer debt.Without limiting the general application of the foregoing.The following conduct is a violation of this section:

**101.**   **15 U.S.C. §1692(e)(10) states in part;**

> The use of any false representation or deceptive means to collect or attempt to collect a consumer debt or obtain information about a consumer.

**102.**   Plaintiff CARUSO  received many more than thirty nine (39) illegally placed calls by defendants 's  NRA and DOES 1-10 staff *months after* he had requested in writing for *certification* of the alleged consumer debt pursuant to U.S.C.§1692(g)(1)(2)(5)(b), (FDCPA).

**103**   Defendants 's NRA and DOES 1-10 not only *ignored* this same *demand* for *certification/validation* of the alleged consumer debt, these above named consumer business entities commenced a campaign for many months to harass, oppress, threaten, confuse and cause the plaintiff CARUSO experience long term emotional distress and confusion.

**104.**   These same *more than* thirty nine (39) illegally placed calls by defendants 's NRA and DOES 1-10 staff constitute more than thirty nine (39) separate and distinct statutory violations as defined by 15 U.S.C. §1692g(1)(2)(5)(b) of the (FDCPA) statutes of the United States of America and the California Consumer Protection Statutes/Laws.

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants 's NRA and DOES 1-10 for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §1692(e)(10)(FDCPA), together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## XI.   COUNT VI
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et seq. WILLFUL OR NON-COMPLIANT BY DEFENDANTS NRA, TU, EIS, AND DOES 1 THROUGH 10

**105.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 104 herein.

**106.**   Defendant NRA is a business entity located in Harrisburg, PA, form unknown, defendant EXPERIAN ("EIS") is a Consumer Reporting Agency as defined by 15 U.S.C. §1681(f) (hereinafter "CRA"), defendant EXPERIAN ("EIS") is also Consumer Reporting Agency as defined by 15 U.S.C. §1681(f) (hereinafter "CRA")

**107.**   In or around March 25, 2015 Plaintiff CARUSO, who is not a minor, checked his consumer credit report from all three national credit reporting agencies, Experian, Equifax, and Trans Union (collectively "CRAs"), and discovered multiple credit accounts reported by defendants 's NRA and DOES 1-10 collectively placed *at least* two separate and individual consumer credit accounts in negative status.  These negative credit accounts were unfamiliar to Plaintiff CARUSO, as he did not recall ever opening them and *he was never informed by these furnishers* of *their negative credit reporting*.

**108.**   Examples of one of these two negative accounts were placed on the plaintiff CARUSO's consumer credit reports one of which with partial "NRA" Account number # 3689****.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF                    PAGE 27

**109.**   On or about February 2, 2015 Plaintiff CARUSO contacted the defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10  disputing in writing the unknown negative credit accounts being reported by the defendants 's NRA, TU, EIS and DOES 1-10  collectively, pursuant to 15 U.S.C. §1681s-2(b) (FCRA).

**110.**   On or about March 18, 2015, following his credit bureau disputes, Plaintiff CARUSO sent letters to these same defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 in which he *demanded* documentation substantiating the existence, ownership and *accuracy* of the negative consumer credit accounts reported by each of them, *otherwise their immediate deletion from his credit file.*

**111.**   Upon receipt of plaintiff's disputes  these same defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 each continued to report disputed accounts to CRAs, without notice that the accounts had been disputed by plaintiff, all throughout the investigation period and thereafter. They further failed to properly address plaintiff's direct disputes with them and *failed to provide for his requested* "verification" and "validation" for these disputed negative consumer accounts.

**112.**   On or about June of 2015 Plaintiff followed up with the defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 and each one of them on multiple occasions in writing, resubmitted his requests and *demanding immediate deletion of the unverified accounts due to lack of verification*, but each of these correspondences went *unanswered, ignored*, or were improperly handled and responded to, all of his efforts and correspondences proved *unsuccessful* in attaining *any of the Defendants' cooperation.*

**113.**   Regardless of plaintiffs' numerous attempts to seek defendants' cooperation defendants' each and every one of them continuously, to date, failed to

answer back to plaintiff with appropriate proof of investigation and verification of the information in dispute and failed to take corrective action.

**114.** These inaccurate consumer credit accounts negatively reflect upon Plaintiff as a consumer, borrower/debtor and they negatively impact his creditworthiness and financial standing.

**115.** Plaintiff CARUSO has suffered financial and emotional distress as a direct result of defendant's violations, which include but are not limited to the following:

a. Actual damages arising from monetary losses related to denials to new credit, loss of use funds, loss of credit and loan opportunities, excessive and/or elevated interest in financial charges;

b. Out of pocket expenses associated with communicating with Defendants', disputing the negative credit information, and fees paid to attorneys and credit professionals for the assistance attained in the process;

c. Emotional distress and mental anguish associated with having derogatory credit information transmitted about Plaintiff to other people both known and unknown;

d. Decreased credit score and creditworthiness, which may result in the inability to obtain credit, employment or affordable housing without larger security deposits on future attempts.

**116.** Defendants' knowingly and willfully violated the FCRA. Defendants' violations include, but are not limited to the following:

a. Failing to inform plaintiff about negative credit reporting made on his credit report, prior to within five (5) days of furnishing a collection account to the CRAs, in violation of (FCRA) 15 U.S.C. §1681s-2(a)(7)(A),;

b. Failing to conduct a proper and complete investigation of disputed negative consumer credit information upon the receipt of Plaintiff TUCK's disputes in violation of (FCRA) 15 U.S.C.§1681s-2(a)(8)(E);

c.   Verifying disputed accounts with the CRA's prior to conducting through investigation and without having substantiating support for such verification;

d.   Reporting disputed information to the CRAs, without notice of plaintiff's dispute, during the investigation period and prior to providing verification of accuracy in violation of (FCRA) 15 U.S.C.§1681s-2(a)(3);

e.   Out of pocket expenses associated with the communication with Defendants, disputing the negative consumer credit information, and fees paid to attorneys and credit professionals for their assistance attained in the process.;

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 for actual, statutory, and punitive damages, attorney's costs and fees pursuant to (FCRA) 15 U.S.C. §1681 *et seq.* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

## XII.   COUNT VII
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681b WILLFUL AND/OR KNOWING NON-COMPLIANCE DEFENDANTS NRA, TU, EIS AND DOES 1 THROUGH 10

**117.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 116 herein.

**118.**   The (FCRA), 15 U.S.C.§1681b  defines the *permissible purpose* for which a person may obtain a consumer credit report.

**119.**   Such *permissible purposes* as defined by 1(FCRA) 15 U.S.C.§1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

**120.**   Plaintiff CARUSO has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, nor received a bona fide offer of credit from any/all of the defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 ,

**121.**   At *no time* did Plaintiff CARUSO give his consent for defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 , to acquire his consumer credit report from *any* consumer reporting agency ("CRA").

**122**   Defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 , have demonstrated willful and/or knowing non-compliance with the (FCRA), 15 U.S.C.§1681b and repeatedly violating plaintiff CARUSO's right to privacy

**123.**   Defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 , had a *duty* to properly ascertain if there was any legitimate permissible purpose before obtaining plaintiff's consumer credit  report and Defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 , *breached said duty by failing to do so.*

**WHEREFORE**, Plaintiff CARUSO demands judgement for damages against Defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 , for actual, statutory, and punitive damages, attorney's costs and fees pursuant to 15 U.S.C. §1681b together with such other and further relief as the Court may deem reasonable and just under the circumstances.

///

///

# XIII.   COUNT VIII
## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT [AGAINST ALL DEFENDANTS]

**124.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 123 herein.

**125.**   Within one years prior to the filing of the complaint in this action, defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 , willfully and negligently violated the California Consumer Credit Reporting Agencies Act in at least the following ways:

       a.   By willfully and negligently failing, in the furnishing of derogatory credit information for the consumer report concerning plaintiff CARUSO, to follow reasonable procedures to assure maximum possible accuracy of the information in the report;

       b.   By willfully and negligently furnishing to credit reporting agencies information about the Plaintiff which defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 knew, or should have known, was incomplete, inaccurate and/or unverifiable;

       c.   By willfully and negligently failing to correct and/or delete the incomplete and inaccurate information in Plaintiff's consumer credit file after conducing an investigation;

       d.   By willfully and negligently failing to conduct an adequate investigation of Plaintiff's complaints, and by willfully and negligently failing to implement corrective actions once the outcome of such investigations were known, or should have been known to the defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 .

e.   By willfully and negligently failing to have proper procedures and apparatus in place which would promptly and accurately delete or correct and incorrect, incomplete or inaccurate credit reporting.

**126.**   Each of the defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 willfully and negligently failed in their obligations to reinvestigate and correct the derogatory marks in plaintiff's consumer credit reports. Plaintiff CARUSO hereby alleges that each of the defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 inclusive policies and practices hinder and obstruct adequate and meaningful re-investigations, and that each defendant knows of the effect's of their conclusive policies and practices.

**127.**   As a proximate result of the willful and negligent actions of the defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 inclusive, and each of them, Plaintiff CARUSO has suffered  both general and special damages in an amount which will be proven at time of trial. As provided under the cited laws, plaintiff is entitled to actual damages, loss of wages, damage to credit reputation for may month's of pain and suffering, costs and attorneys fees. Plaintiff is also entitled to punitive damages and statutory penalties for willful statutory violations of the California Consumer Credit Reporting Agencies Act.

# XIII.   COUNT VIIII
## VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CALIFORNIA CIVIL CODE §1788 *et seq.* BY DEFENDANTS NRA, TU, EIS AND DOES 1 THROUGH 10

**128.**   Plaintiff CARUSO re-alleges and restates all of the foregoing jurisdictional allegations and general factual allegations in paragraphs 1 thru 127 herein.

**129.**   Plaintiff CARUSO is a *consumer* within the meaning of 15 U.S.C. §1692 *et seq.* (FDCPA)

**130**   Defendants 's NRA, [a business entity, form unknown],
TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10
inclusive, are seeking to collect an *alleged consumer debt* from Plaintiff CARUSO
as defined by California Civil Procedure §1788(f) (CRFDCPA).

**131.**   The alleged defendants 's NRA, [a business entity, form unknown],
TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10
inclusive, consumer debt account in question is a consumer transaction as defined
by California Civil Procedure §1788(e), (CRFDCPA) as the Plaintiff CARUSO has
allegedly received property, services or money from defendants 's NRA,
[a business entity, form unknown], TU, EIS [both being Credit Reporting
Agencies] ("CRA's") and DOES 1-10 inclusive, or an extension of credit, and such
property, services or money was used primarily for personal, family or household
purposes.

**132.**   Defendants 's NRA, [a business entity, form unknown],
TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10
inclusive, also violated §1788.11(d) of the California Rosenthal Fair Debt
Collection Practices Act (CFDCPA) by placing collection calls to the Plaintiff's
cellular phone repeatedly and continuously so as to annoy, harass or embarrass the
Plaintiff. *Plaintiff CARUSO contends he has always paid all of his consumer bills
in as timely manner as possible.*

**133.**   Defendants 's NRA, [a business entity, form unknown],
TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10
inclusive, violated §1788.17 of the California Rosenthal Fair Debt Collection
Practices Act (CFDCPA) by placing numerous harassing debt collection calls to the
plaintiff with *such frequency* as to be *unreasonable* and to *constitute direct
intentional harassment* of the plaintiff under the circumstances.

**134**   Defendants 's NRA, [a business entity, form unknown], TU, EIS
[both being Credit Reporting Agencies] ("CRA's") and DOES 1-10 also violated

Section §1788.17 of the California Rosenthal Fair Debt Collections Practices Act (CFDCPA) by *continuously* failing to comply with the statutory regulations contained within the United States Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*

   **WHEREFORE**, Plaintiff CARUSO demands judgement for damages against defendants 's NRA, [a business entity, form unknown], TU, EIS [both being Credit Reporting Agencies] ("CRA's") and DOES 1-10, for actual statutory and punitive damages, attorney's fees pursuant to §1788.30(b) and costs pursuant to §1788.30(c), the California Rosenthal Fair Debt Collection Practices Act CC1788 *et seq.,* together with such other and further relief as the Court may deem reasonable and just under the circumstances.

# PRAYER

   I, RICHARD CARUSO, the Plaintiff In Pro Se, in the above-entitled Complaint respectfully prays for judgment as follows:

1. For actual, general and special damages according to the proof at trial;
2. For statutory penalties or civil penalties for each separate statutory violation where allowed by statute.
3. For punitive damages against Defendants according to proof at trial and using the applicable punitive damages standards from the involved statutes;
4. For attorney's fees where authorized by statute or law;
5. For costs and expenses of suit; and
6. For such other relief as the court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated this _2nd_ day of March 2016 By: ___Richard Caruso___

                              RICHARD CARUSO, Plaintiff In Pro Se

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**                    **PAGE 36**

## VERIFICATION
## DECLARATION OF PLAINTIFF - RICHARD CARUSO

I, RICHARD CARUSO, declare as follows:

**132.**  I am the In Pro Se Plaintiff in the above-entitled Ninth Circuit District case.

**133.**  I am of age, sound mind and competent to testify to all of the facts based on first-hand knowledge of all of the aforementioned items so stated.

**134.**  I have been damaged *financially*, *socially* and *emotionally* since May 16, 2013 as a direct result of defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 inclusively, unlawful actions and conduct including more than thirty nine (39) calls to my cellular phones.

**135.**  I have read the foregoing pleading's in their entirety and believe all of the fact's therein so stated to be both *true and correct*.

**136.**  I declare under the penalty of perjury pursuant to the laws of California and the Courts of the United States, that the foregoing is true and correct to the best of my knowledge, information and belief.

**137.**  Plaintiff CARUSO demands judgement for damages against defendants 's NRA, [a business entity, form unknown], TU,  EIS [both being Credit Reporting Agencies] ("CRA's")  and DOES 1-10 inclusively, for actual, statutory, and punitive damages, attorney's costs and fees pursuant to pursuant to §1788.30(b) and costs pursuant to §1788.33(c) together with such other and further relief as the Court may deem reasonable and just under the circumstances.

///

///

///

///

///

## **DEMAND FOR JURY TRIAL**

**138.**    Plaintiff RICHARD CARUSO  hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted to this court this 2nd day of March 2016.


*Richard Caruso*                        ,

RICHARD CARUSO, Plaintiff  In Pro Se.
1600 E. Vista Way #85
Vista, CA 92084
Ph: 760-888-7418